THE STATE v. WILLIAM ALLEN et al.; CHRIS SCHAWACKER, Appellant.

Division Two, July 16, 1918.

1. **SCIRE FACIAS: Forfeited Bond: Civil Action: Statutory Construction.** A *scire facias* proceeding on a forfeited bond, in so far as the nature of the proceeding itself is concerned, is a civil action, the bond or recognizance being nothing more than a formal confession of debt. Therefore a literal compliance with the statute requiring a bond to be taken for a bailable offense is not necessary, but the statute will be so construed as to effectuate the purpose for which it was enacted.

2. ———: **Bond to Appear at Same Term.** A bond given by an accused for his appearance from day to day during the June term of court then in session and from day to day during the next September term, which was not a term designated by the statute, but a part of the June term, notwithstanding the statute says a recognizance shall be taken for his appearance "on the first day of the next term," is enforcible against the surety upon default of the accused to appear at the September term; such statute, not being penal in so far as the *scire facias* proceeding is concerned, is not to be construed according to its strict letter, but in a manner to effectuate the purpose for which it was enacted, which was to secure the presence of the accused in court by authorizing him to substitute his voluntary contractual obligation for his physical custody.

3. ———: ———: **Statute of Jeofails.** The Statute of Jeofails (Sec. 5019, R. S. 1909), declaring that no proceeding upon a recognizance shall be defeated on account of any defect in form, or omission of recital or condition of undertaking therein, or other irregularity, is a part of the statute authorizing the giving of bonds or recognizances and requires said latter statute to be liberally construed in a manner to effect its purpose to secure the appearance of the accused for trial at the time specified.

Appeal from St. Louis Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

AFFIRMED.

*Willis H. Clark* for appellant.

The provision of the bail bond requiring the appearance of the principal at the June term of the circuit

court was not authorized by law, and was surplusage, and the forfeiture of said bond at said June term was without authority of law, and the judgment founded upon such forfeiture is contrary to law. Laws 1865-6, p. 78; Laws 1869, p. 95, secs. 7 and 17; Laws 1909, p. 399; R. S. 1909, sec. 5039; R. S. 1909, sec. 4150; State v. Bobb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 633; State v. Cobb, 44 Mo. App. 375; Howlett v. Turner, 93 Mo. App. 20; R. S. 1909, sec. 5134.

*Frank W. McAllister,* Attorney-General, and *C. P. Le Mire,* Assistant Attorney-General, for respondent.

(1) "These bail bonds are allowed in the interest of the defendants that they may be free until they are tried and either convicted or acquitted. It is not the purpose to permit defendants to enter into them to escape trial and punishment and then allow the surety to defeat their solemn obligations after the defendants have escaped." State v. Mudd, 232 Mo. 564; State v. Epstein, 186 Mo. 101; State v. Boehm, 184 Mo. 201; State v. Posten, 63 Mo. 521. (2) The *scire facias* sufficiently set forth the charge, entry of default, and all other facts necessary for the information of the surety, and the form has been approved by the decisions of this court. Demurrer to said writ was properly overruled. Secs. 5019, 5134, R. S. 1909; State v. Abel, 170 Mo. 59; State v. Epstein, 186 Mo. 93.

WALKER, P. J.—This is an appeal from a judgment rendered in the circuit court of the city of St. Louis in a *scire facias* proceeding on a forfeited bail bond.

William Allen was charged by information June 20, 1916, in the court of criminal correction of the city of St. Louis with carrying concealed weapons. He waived a preliminary examination and gave bond with Chris Schawacker, the appellant, as his surety, for his appearance before the circuit court of the city of St. Louis from day to day during the June term of the said circuit court, then in session, and also from day to day

during the next September term, 1916, then and there to answer any indictment that might be preferred against him, and not depart said court without leave. The next September term, which was not a term of court designated in the statute, but was a part of the June term, commenced on the first Monday in September, 1916. On the 18th of that month the said William Allen, upon being called to answer the charge preferred against him, made default, and his surety, upon being notified and demanded to bring him into court in conformity, with the condition of said bond, failed to do so and a forfeiture was formally taken and entered thereon. A *scire facias* was thereupon sued out. Allen was not found, but his surety was served with a copy of the writ. He appeared and filed an answer, specifically denying each of the averments of the writ. Upon a hearing, the court rendered judgment against him in the sum of eight hundred dollars, the penalty in the bond.

Appellant seeks a reversal on the ground that the bond was on its face invalid, and hence the judgment rendered thereon was unauthorized.

The specific objection is that the bond required the principal, Allen, to appear and answer the charge at a term of the circuit court then in session and not to its next term.

The statute applicable to bonds of the character here under review provides that "if the offense with which the prisoner is charged be bailable, and the prisoner offer sufficient bail, a recognizance shall be taken for his appearance to answer the charge before the court in which the same is cognizable, on the first day of the next term thereof, and not to depart such court without leave, and thereupon he shall be discharged." [Sec. 5039, R. S. 1909.]

The determination of the matter at issue is dependent upon the construction of the above statute. Is it to be construed according to its letter, or in a manner to effectuate the purpose for which it was enacted? If construed strictly, it must be held that it is penal in its nature and a literal

Civil

compliance with its terms is necessary. That we have held in a number of cases that a *scire facias* proceeding on a forfeited bond was a part of the original case is beyond question, the last expression of the court in regard thereto being found in State v. Wilson, 265 Mo. 1. These cases, however, are limited to the determination of the jurisdiction of this court for the purpose of review. The holding, so far as the nature of the proceeding itself is concerned, is that it is a civil action, the bond or recognizance on which it is based being nothing more than a formal confession of a debt, the maturity and collection of which is dependent upon the arising of the condition therein named. [State v. Mudd, 232 Mo. 1. c. 573; State v. Morgan, 124 Mo. 1. c. 475.] These cases further hold that the action thus authorized is to be governed by the civil procedure, from which, it follows, that the statute upon which it is based is to be construed as of a civil nature, authorizing, as we have indicated, an action for the violation of a contractual obligation. This being true, there remains no reason, under the canons of construction, for a strict interpretation of the statute. The parties stand before the court on an equality in the assertion of their repective rights and, as applied to them, the law is to be construed so as to effectuate the purpose of its enactment.

The concrete facts necessarily existing in the execution of any bond or recognizance under this statute will, upon analysis, render more apparent the soundness of the conclusion that such statute should be liberally construed.

The Constitution declaring the right to bail and the statutes giving operative force to same are in the nature of instruments of grace in favor of the freedom of the individual. As such they should not be construed otherwise than in the spirit of their adoption and enactment. When, however, all the requirements of the law have been met and bail has been granted, its practical effect upon the adminstration of the criminal law is to prejudice the State (Ewing v. U. S., 153 C. C. A. 167),

in that it changes the relation of the latter to the accused from that of a custodian to one of a mere holder of a moneyed obligation maturing upon the violation of its conditions. Such an obligation is necessarily voluntary. Its most material requisite is the appearance of the accused at the time and place stated. To insure this the principal and sureties bind themselves. An obligation, therefore, of the character here under review, voluntary in its nature, definite in its terms and taken by the State to afford the privilege of freedom to the principal therein, should, upon default being made by the latter, be held binding upon the sureties, although its terms may not conform to the letter of the statute authorizing its execution. To hold otherwise would add nothing to the rights of the accused; and, so far as the State is concerned, it would interfere with the speedy administration of the law. It not infrequently occurs that an accused is held to answer a criminal charge during the term of the court to which his case would be returnable. If, under a strict construction of the statute, he may only be recognized or bound "to appear at the next term of such court," the determination of the case must of necessity be deferred until that time, although he may be informed against or indicted long prior thereto. It was, therefore, never within the contemplation of the framers of our criminal code that the statute should be construed, not solely in the interest of liberty, which was its prime purpose, but to afford an easy loop hole for delay. It is equally evident that it was not intended that a failure to comply with the literal terms of the statute in the framing of a bond thereunder, would not, on account of the nature of the obligation and the purpose of its execution, authorize the release of sureties thereon upon default being made by the principal. The sureties are in no wise injured by such failure. Their obligation is neither lessened nor increased in its requiring the principal to appear at another than the time designated in the statute. This being true, they should not be permitted to escape liability on a mere technicality. Viewed from every

vantage, therefore, this statute, so far as it requires a bond or recognizance to be made returnable to "the next term of the court" before which the offense charged is cognizable, should be held to be directory, and as a consequence liberally construed to effectuate the purpose of its enactment.

This conclusion has been reached by applying the well established rules of interpretation to this statute in the light of its character and purpose.

A cogent reason for the correctness of this conclusion, as to the manner in which the statute should be construed, is to be found in the statute of amendments or Jeofails especially applicable to bonds and recognizances. It is, so far as applicable to the matter at issue, as follows: "No proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, . . . or of any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial." [Sec. 5019, R. S. 1909.]

This statute is as much a part of that authorizing the giving of bonds or recognizances as if incorporated into the text of the latter. In fact, to accomplish its purpose, it should be read into that statute in construing same. Thus read, it eliminates · from consideration any contention as to a literal interpretation, and leaves, as essentials to determine the sufficiency of the obligation, the legal custody of the accused, to be ascertained from the entire record; his discharge by reason of the giving of the obligation; and that he thereby agreed, and his sureties bound themselves, that he would appear before the court for trial at a time or term specified. These essentials affirmatively appear in the bond at

bar; and it will be seen that those required by legislative declaration are the same as those which reason declares should exist in a liberal interpretation of the statute in the absence of such declaration.

From all of which it follows that the surety herein has asserted no sufficient reason for his discharge from the obligation he voluntarily entered into. His contention being devoid of substantial merit, the judgment of the trial court should be affirmed, and it is so ordered.

All of the judges concur.