In the Matter of Robert Hamilton MOORE.

Henry G. MORRIS, Petitioner,

v.

Arthur C. MOSLEY, Sheriff of St. Louis County, Respondent.

No. 29344.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1955.

Henry G. Morris, James C. Porter, St. Louis, for Robert Hamilton Moore.

Wm. H. Dahman, St. Louis, for respondent.

HOUSER, Commissioner.

Henry Morris, an attorney at law, filed in this court his petition for a writ of habeas corpus on behalf of Robert Hamilton Moore, who was detained by respondent Arthur C. Mosley, Sheriff of St. Louis County, under a commitment issued upon a judgment rendered by the Circuit Court of Pike County. Our writ issued forthwith. The issue raised by the return to the writ, answer and reply was the jurisdiction of the latter court and the validity of its judgment in numerous particulars set forth in petitioner's answer to the return. The case was referred to your Commissioner who, in obedience to the order of the court, conducted a hearing and made a written report containing fifteen findings of fact and sixteen declarations of law. Moore's attorneys filed exceptions to one finding of fact and four declarations of law. A hearing was held by the court on the exceptions and, thus advised, the court has assigned the case to the writer for the preparation of an opinion.

Robert Hamilton Moore was convicted on separate complaints in two independent cases on the same day in the Police Court of the City of Glendale, a fourth class city. In one case he was charged with careless and reckless driving. In the other he was charged with speeding. He appealed both convictions to the Circuit Court of St. Louis County. Intending to stay execution of both judgments and to obtain a trial de novo in the circuit court in both cases, he executed and filed one appeal bond by the terms of which he was obligated to appear at the next term of the Circuit Court of St. Louis County in any division to which the cause might be assigned or transferred and at any future days or terms to which it might be continued, to answer the "information," prosecute his appeal with diligence, etc. The bond did not designate the case or charge in which the judgment was rendered. That portion of the printed form was left blank. The transcripts of both cases were filed in the office of the Circuit Clerk of St. Louis County. The circuit clerk filed the bond in the speeding case. Moore's attorneys procured a change of venue in both cases to the Circuit Court of Pike County. The Circuit Court of St. Louis County ordered Moore, who was not in custody, to file a change of venue bond to appear at the next term of the Circuit Court of Pike County in each case, but no such bond was filed in either case. Neither Moore nor his attorneys appeared at the return term of the Circuit Court of Pike County. That court set the careless and reckless driving case for trial. On the appointed day the city attorneys appeared but neither Moore nor his attorneys appeared in court on the trial date. The court affirmed the judgment of the Police Court of the City of Glendale. The judgment recited the appearance of the city, the default and non-appearance of defendant, a finding of guilt, the affirmance of the judgment of the police court and adjudged that Moore be confined for sixty days in St. Louis County Jail. Moore was jailed by the respondent sheriff upon a commitment issued on that judgment, and this proceeding in habeas corpus followed.

Petitioner's only exception to the findings of fact was an exception to the inadvertent use of the term "information"

(instead of "complaint") in Finding of Fact (2) relating to the manner in which the charge of careless and reckless driving was instituted. This exception could not possibly have any bearing upon the outcome of these proceedings and it should be overruled.

■ Petitioner excepted to Declarations of Law (3) and (4). By (3) it was declared that persons convicted in this type of case, "after perfecting their appeal, are required by statute to enter into a recognizance" conditioned as prescribed by § 543.290(2), RSMo 1949, V.A.M.S. By (4) it was declared that the condition of the bond "as required by § 543.290(2), supra," has been broadened by Supreme Court Rule 22.13, 42 V.A.M.S. Petitioner points out that such convicted person is not *required* to enter into a bond; that subsection (3) provides that "Failure to give the recognizance shall not prevent the appeal." He is *required*, however, to enter into a recognizance if he wishes to avoid confinement in custody or commitment to jail pending determination of his appeal. Declarations (3) and (4) were written with the case at bar in mind, in which there is no question that the convicted person not only desired to perfect appeals of both convictions to the circuit court but also desired to remain at liberty during the pendency of his appeals. These highly technical exceptions to the language of the declarations could not affect the final result of these proceedings and they should be overruled.

Petitioner excepted to Declaration of Law (16), which is as follows:

"(16) In a habeas corpus proceeding the court is confined to the issues framed by the pleadings. Matters outside the scope of the pleadings, raised for the first time in the petitioner's memorandum of authorities, will not be considered."

■ By way of a memorandum filed with the Commissioner following the hearing petitioner undertook to present new issues which are not within the issues framed by the pleadings. Petitioner thereby sought a ruling on the question of the lack of jurisdiction of the police court (and the consequent lack of derivate jurisdiction of the circuit court) based upon the failure of the person who signed the complaint to swear to it, and the unauthorized amendment of the complaint by a person other than the person who made and signed it. To rule on these questions, however, would be beyond our province. In a habeas corpus proceeding the case is tried upon the issues framed by the pleadings, 39 C.J.S., Habeas Corpus, § 97, p. 661, to which the court is necessarily confined. Marsh v. Bartlett, 343 Mo. 526, 121 S.W.2d 737; Tomlinson v. French Institute of Notre Dame De Sion, 232 Mo.App. 597, 109 S.W. 2d 73. In some habeas corpus proceedings extraneous matters or matters involving an inquiry dehors the record have been considered and ruled upon, Thompson v. Sanders, 334 Mo. 1100, 70 S.W.2d 1051; Griggs v. Venerable Sister Mary Help of Christians, Mo.App., 238 S.W.2d 8, but in those proceedings the issues which ordinarily would have been regarded as outside the scope of inquiry in the conventional habeas corpus case were matters which were formally pleaded by both parties. This exception should be overruled.

Petitioner's principal exception related to the commissioner's interpretation of Supreme Court Rules 22.13 and 30.07, considered in connection with Sections 545.520, 545.530 and 545.540 RSMo 1949, V.A.M.S., as revealed by Declarations of Law (9), (10) and (11), which follow:

"(9) Prior to the adoption of supreme court rules 22.13 and 30.07, in cases where defendant was not in custody at the time the change of venue was granted, and where defendant did not voluntarily appear in the transfer court, *jurisdiction of the person* was not transferred by the order changing the venue. Under such circumstances, in order that jurisdiction of the person be conferred upon the transfer court, it was necessary for the defendant to enter into the recognizance pro-

vided for in § 545.540, RSMo 1949, V.A.M.S.

"(10) Supreme court rule 22.13 gives recognition to an appeal bond which, when entered into, submits the *person* of defendant to the jurisdiction not only of the court to which the appeal is directly taken (as under § 543.290(2) ), but also of any court to which the cause may eventually be transferred on change of venue.

"(11) Supreme court rule 30.07 supplants §§ 545.520, 545.530 and 545.540, R.S.Mo., 1949, V.A.M.S. by the terms of the latter sections it was provided that upon the making of the order changing the venue the defendant 'shall enter' into a recognizance for his appearance at the next term of the transfer court, and further provided that no order of transfer shall be effectual unless such bail be given. Under rule 30.07, however, it is provided that upon the making of the order changing the venue defendant 'shall be entitled' to be admitted to bail 'if the defendant has not previously been admitted to bail,' and further provides that no order of transfer shall be effectual unless defendant 'has been admitted to bail upon a satisfactory bond which has been filed of record with the clerk of the court.' "

Appeals from convictions in police courts in cities of the fourth class are taken in the manner provided by the statutes relating to appeals from the judgments of magistrates in misdemeanor cases. Sections 98.020 and 98.630, RSMo 1949, V.A.M.S.

Persons convicted before a magistrate in a misdemeanor case, after perfecting their appeal, and desiring to effect a stay of execution, are required by statute to enter into a recognizance,

"conditioned that the defendant shall appear at the next term and from day to day and term to term thereafter, of the said circuit court, and prosecute his appeal with due diligence to a decision, and obey every order, sentence and judgment, which shall be made in the premises and not depart the court without leave." § 543.290(2), supra.

Under this section the condition of a recognizance for appeal contemplates the appearance of the defendant at the return term of the circuit court of the county in which the police court is located. Sections 545.520, 545.530 and 545.540, supra, relating to recognizances for change of venue, do not recognize any bond previously given. Instead, they contemplate the giving of a new bond upon the awarding of the change. Consequently, a person convicted in a police or magistrate court, desiring to appeal with bond and thereafter take a change of venue, prior to the advent of Supreme Court Rules 22.13 and 30.07, was required to execute two bonds: one for appeal to the local circuit court and another for change of venue to the transfer court.

A new concept is recognized in, and a new procedure results from the operation of, Supreme Court Rules 22.13 and 30.07 which, under the Constitution of Missouri, 1945, Article V, § 5, V.A.M.S., supersede and supplant the above named statutory sections insofar as the latter are out of harmony with the rules. Under Rule 22.13 the condition of the recognizance for appeal from a misdemeanor conviction in a magistrate court is that defendant "appear in the court having jurisdiction of the case on appeal * * * ;" and that defendant "submit himself to the orders, judgment, sentence and process of the *circuit court having jurisdiction thereof, either originally or upon change of venue,* * * *." (Italics ours.)

Rule 30.07 provides:

"When an order of removal is made, if the offense charged is bailable and the defendant has not previously been admitted to bail, the defendant shall be entitled to be admitted to bail in such amount as the court shall deem sufficient upon a bond with satisfactory security. No order for the removal of a case shall be effectual unless the defendant is in custody or the defendant has been admitted to bail upon a satis-

factory bond which has been filed of record with the clerk of the court. * * *"

By its broad and general terms Rule 30.-07 refers to and includes all previous admissions to bail, whether by order of the police, magistrate or circuit court.

■ Under these rules a person convicted in a police or magistrate court, desiring to appeal with bond and then take a change of venue, is required to execute only one recognizance, which is a combination appeal and change of venue bond, thus dispensing with the necessity and expense of executing two recognizances. See also Supreme Court Rule 30.10 in this connection.

■ By the execution of the bond contemplated by Rule 22.13 the convicted person submits his person to the jurisdiction not only of the circuit court of the county in which the police or magistrate court is located, but also of any circuit court to which the cause eventually may be transferred on change of venue. Accordingly, the Circuit Court of Pike County had jurisdiction over the person of Moore.

That the court had jurisdiction of the subject matter and cause is not controverted. See State v. Thomas, 301 Mo. 603, 256 S.W. 1028; 22 C.J.S., Criminal Law, § 399, p. 597.

■ The fact that the terms of the bond signed by Moore followed Section 543.290(2), supra, rather than Rule 22.13 did not deprive the Circuit Court of Pike County of jurisdiction since clearly it was the intention of Moore and his attorneys to comply with the law regulating appeals and to secure a stay of execution and a trial de novo in a circuit court. A bond should be construed to carry into operation the reasonable intention of the parties, and when it can be fairly done a construction should be given to support rather than defeat a bond. State ex rel. Jefferson County v. Sheible, Mo.Sup., 163 S.W.2d 559; Weinhaus v. Massachusetts Bonding & Ins. Co., Mo.App., 210 S.W.2d 710. In con-

struing a bond given for the purpose of complying with the law regulating appeals from police courts the terms and provisions of a Supreme Court Rule regulating such bonds must be read into the bond and construed as a part of it, just as in construing a statutory bond, whether it be a penal bond as in People to Use of Wilson v. Mosely, Mo.Sup., 263 S.W.2d 340; State ex rel. Jefferson County v. Sheible, supra; Zellars v. National Surety Co., 210 Mo. 86, 108 S.W. 548, or an appeal bond as in Fogarty v. Davis, Mo.App., 240 S.W. 888, affirmed 305 Mo. 288, 264 S.W. 879, the terms and provisions of the statute become a part of and will be read into the bond the same as if they were incorporated therein. State v. Wipke, 345 Mo. 283, 133 S.W. 2d 354; State v. Vienup, 347 Mo. 382, 147 S.W.2d 627; Hughes v. Keith, Mo.App., 267 S.W. 38; Kochery, Interpretation of Statutory Bonds in Missouri, Washington University Law Quarterly, April, 1953, p. 182; 11 C.J.S., Bonds, § 39, p. 418, and § 40 e, pp. 420, 421.

■ But petitioner contends that to read the conditions prescribed by Supreme Court Rule 22.13 into the bond would change substantive rights by enlarging the obligations of the principal and surety, and would affect the right of appeal in violation of Article V, Section 5, Constitution of Missouri, 1945, which provides that the rules shall not change substantive rights or the right of appeal. Neither the rule itself, nor the reading of the rule into the bond, constitutes a change in the substantive rights of the principal and surety or affects the right of appeal. Procedural rights only, and not substantive rights, are affected by these rules.

■ Petitioner claims that the word "satisfactory" as used in Rule 30.07 refers to the condition of the bond; that a bond which does not contain all of the conditions prescribed by Rule 22.13 is not a "satisfactory" bond, so that the instant appeal bond was not "satisfactory" and the order of removal was not "effectual" under Rule 30.07. The bond was in the same amount

as that ordered by the Circuit Court of St. Louis County, and apparently was "satisfactory" from that standpoint. There is no contention that the surety was not sufficient or "satisfactory." (Note that the term "satisfactory" is employed in the first sentence of Rule 30.07 in connection with the security of the bond). It is not the policy of our law to permit a formal defect or the omission of a recital or condition of a bond, or any irregularity to invalidate a recognizance for appeal. In addition to the authorities cited supra for the proposition that the conditions of a statutory bond will be read into a bond when the intention to comply with the statute is made evident, see City of St. Louis v. Young, 235 Mo. 44, 138 S.W. 5; State v. Allen, 275 Mo. 391, 204 S.W. 721, and Section 543.410 RSMo 1949, V.A.M.S.

All of petitioner's exceptions should be overrruled, and petitioner having failed to sustain the burden of proving that Robert Hamilton Moore is unlawfully restrained of his liberty, it is the recommendation of the Commissioner that the latter be ordered remanded to the custody of respondent.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, the report of the Commissioner is approved, Petitioner's Exceptions to Commissioner's Report are overruled and, in accordance with the recommendation of the Commissioner, the following motions are overruled: Petitioner's Motion to Strike Certain Allegations of Respondent's Return; Respondent's Motion to Dismiss and Quash the Petition for Writ of Habeas Corpus; Petitioner's Motion to Strike Respondent's Motion to Dismiss and Quash, and Respondent's Motion to Strike Petitioner's Rebuttal Memorandum; and it is ordered that Robert Hamilton Moore be remanded to the custody of respondent.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.