Sutherland et al. *v.* Phelps.

5. The court erred in awarding execution against the said Higgins alone.

6. The said Higgins is no party to the said writs of *scire facias.*

7. General assignment.

R. S. BLACKWELL, for Plaintiffs in Error.

C. HAVEN, District Attorney, for the People.

---

GEORGE G. SUTHERLAND *et al.*, Appellants, *v.* ANSON PHELPS, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A declaration upon an appeal bond is sufficient, which avers that the appeal was not prosecuted, and that the judgment appealed from was not paid, and that the judgment was affirmed. It need not be averred that the order dismissing the appeal was filed in the court from which it was taken.

The dismissal of an appeal is equivalent to an affirmance of the judgment.

An averment that the judgment appealed from was final, or that the judge of the court from whence the appeal was taken approved the bond, is unnecessary.

THIS was an action on an appeal bond. The declaration recites the condition of the bond, and avers that the appeal was dismissed, that the judgment was affirmed, and that the same was remitted by the Supreme Court to the Cook County Court of Common Pleas; that execution was issued, etc.

The defendants below filed a demurrer to this declaration, assigning as special causes, that the declaration only assigns as a breach, that appellants " did not prosecute the said appeal;"

that the condition set forth in the declaration is not alleged to be the condition of the bond; that a sufficient breach was not averred; that an affirmance of the judgment was not averred, etc., etc.

The court below overruled this demurrer, and rendered judgment for plaintiff below, on the declaration.

The defendants below appealed.

R. F. WINSLOW, and E. ANTHONY, for Appellants.

E. A. AND J. VAN BUREN, for Appellee.

BREESE, J. We find nothing on the record of any assignment of errors in this case, except the general error, that judgment was rendered in favor of the plaintiff below, when it should have been rendered for the defendants.

To determine this, we have only to look to the declaration and the proceedings upon it, in the court below. The declaration was in debt on an appeal bond, and on demurrer thereto, it was assigned as cause of demurrer, that the only breaches of the condition of the bond are, that the obligors did not prosecute the appeal.

By reference to the declaration, and the breaches assigned, it will be seen that there is an express averment, that the defendants did not prosecute the appeal, but that " they have not paid the judgment so appealed, and referred to in said bond."

A traverse of these allegations, so far from presenting an immaterial issue as urged by appellants, would present the very marrow of the case, and if maintained by appellants, would discharge them.

The second, third, fourth and fifth causes of demurrer, are equally groundless. The declaration does aver that the condition set forth in the declaration, is the condition of the bond, and avers a sufficient breach; that the appeal was not prosecuted but dismissed, and the judgment not paid, and it is distinctly averred that the judgment of the Common Pleas was affirmed, by the allegation that the judgment of the plaintiff was affirmed, which by reference to the preceding allegations in the declaration is sufficiently certain, that the judgment obtained by the plaintiffs in the Common Pleas as set out in the declaration, was the judgment meant. " That is certain which can be rendered certain," by a mere reference. It is not necessary, it should be averred in such a declaration, that the order of the Supreme Court dismissing an appeal, was filed in the court from which the appeal was taken. An averment that such order was remitted to that court, is sufficient.

As to the objection that the declaration contains inconsistent allegations in this, that it is stated that the appeal referred to in the declaration and in the condition of the bond was dismissed, and it is also stated that the judgment of the Court of Common Pleas was affirmed.

There is no inconsistency in this. This court has said, in the case of *Mc Connel* v. *Swailes*, 2 Scam. R. 572, that the dismissal of an appeal is equivalent to a regular, technical affirmance of the judgment appealed from, so as to entitle the party to claim a forfeiture of the bond and have his action therefor.

As to the objection that it is not averred in the declaration, that " the judgment appealed from was a final judgment," we can only say, we regard such an objection as frivolous, since it is only from final judgments or decrees an appeal can be taken.

And so of the last objection, that it is not averred that the bond declared on was approved by the court. This was wholly unnecessary, for whether approved or not the obligors are liable, and we would intend it was approved, if necessary to sustain the judgment. We are inclined to think these objections, so groundless as they are, were made rather with a view to avoid the damages consequent of a dismissal of the appeal, than on any confidence in their soundness.

We affirm the judgment, and may in a like case, hereafter, assess damages, as in case of a delay appeal.

*Judgment affirmed.*