Cranor v. Reardon.

JOHN D. CRANOR, Respondent, v. DANIEL REARDON
*et al.*, Appellants.

Kansas City Court of Appeals, February 17, 1890.

Sureties : APPEAL BOND : SUPREME COURT : KANSAS CITY COURT OF
    APPEALS.   An appeal bond to perform such judgment as should be
    given by the supreme court is not an obligation to perform the
    judgment of the Kansas City Court of Appeals ; and although the
    case in which such bond was given was, by the amendment of
    the constitution and laws enacted in pursuance thereof, lawfully
    transferred from the former to the latter court, which affirmed
    the judgment appealed from, no action can be maintained on the
    default of the principal, against the sureties on said bond.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S.
GOODMAN, Judge.

REVERSED.

*Ed. E. Aleshire* and *Sam H. Benson*, for the
appellants.

(1)   Defendants' demurrer to plaintiff's testimony,
page 19, should have been given.   Unless there was a
breach of the bond, plaintiff was not entitled to recover.
The very condition in the bond which plaintiff claims
was broken by the defendants was that they would

abide the decision of the supreme court of Missouri, and pay any judgment that said court might award against the principal in the appeal bond, or pay such judgment as the supreme court might direct the Gentry county circuit court to give. It is quite plain, by the terms of said bond, as recited in plaintiff's petition, and shown by the testimony, that there has been no breach of the bond, and that the supreme court, the very court which defendants bound themselves to abide by, has never rendered a decision in the case. The bond in question was not a statutory bond, and should not have been accepted by the officers of the court, and appellee should have objected to the taking of it. If such a bond is taken without objection, and he afterward sustain an injury, he must abide the result of his own neglect. The liability of a surety will not be extended beyond the terms of his contract, even though the parties executing the bond should receive the benefit that would have been derived from a perfect statutory bond. *Sharp v. Bedell*, 5 Gilman (Ill.) 88 ; Brandt on Suretyship and Guarantee, sec. 393. (2) The rule is that a surety is a favorite of the law, and has a right to stand upon the strict terms of the obligation. Brandt on Suretyship, sec. 79, and cases cited. *Myers & Ingersoll v. Parker*, 6 Ohio St. 501, and cases cited ; *Miller v. Stewart*, 9 Wheat. page 680 ; *Miller v. Stewart*, 7 Wheat. page 703 ; *Waters v. Simpson*, 2 Gilman, 574 ; *The Governor v. Logan*, 43 Ill. 142 ; *People of Ill. v. McHatton*, 2 Gil. 639 ; *Davis v. People*, 1 Gilman, 409 ; *Young v. Mason*, 3 Gilman, 55 ; *State ex rel. v. Sandusky*, 46 Mo. 381 ; *State v. Medary*, 17 Ohio, 565 ; *Lang v. Pike*, 27 Ohio St. 498 ; *Nofsinger v. Hartnett*, 84 Mo. 549, and cases there cited.

*Patton & Shoemaker*, *J. W. Witten* and *McCullough & Peery*, for the respondent.

(1) The principal contention of appellants is that the bond sued on does not conform to the provision of

section 3713, Revised Statutes of 1879 ; which provis-
ions, they contend, would, if followed, have bound the
sureties ; but that, as the bond was taken and accepted
with its terms expressed to abide the judgment of the
supreme court, the liability of the sureties is limited to
a performance of a judgment of that court only, and
that they are discharged because the judgment on the
appeal was rendered by the Kansas City Court of
Appeals, by virtue of the transfer of the case, by law,
from the supreme court to this court.    (2)  Contracts
are entered into subject to and in contemplation of
changes of this kind, which the legislature may make
in the law which, while affecting the remedy or method
of procedure, . do not increase the risk nor add to,
enlarge or extend the liability of the surety.    Such
cases have no analogy to cases in which changes and
alterations have been made by the unauthorized acts of
the principals in the obligation, to the prejudice of the
surety.    Brandt on Suretyship and Guaranty, sec. 397 ;
*State ex rel. v. Hager*, 91 Mo. 452.    (3)  This principle
is strongly illustrated in cases involving the rights of
sureties in official bonds.    The rule being that the
legislature has the power to change or vary the duties
and obligations of public officers, without the assent of
the sureties, and they will not thereby be discharged,
unless some new duties and obligations are imposed by
which the risk or liability of the surety is materially
varied, enlarged or extended.    Brandt on Suretyship
and Guaranty, secs. 469, 470, 471, 472 ; *People v. Vilas*,
36 N. Y. 467 (93 A. D. 520, n. 526) ; *Schuster v. Weiss-
man*, 63 Mo. 552 ; *Ins. Co. v. Hill*, 86 Mo. 466 ; *Lion-
berger v. Krieger*, 88 Mo. 160.

ELLISON, J.—On March 20, 1882, plaintiff obtained
a judgment in the circuit court of Gentry county against
a school district.    Said school district duly appealed
from the judgment and entered into an appeal bond

with defendants in this case as its sureties. The condition of this bond was that the school district should prosecute its appeal with due diligence and with effect to the supreme court of Missouri, and would perform such judgment .as should be given by the supreme court, or such as the supreme court might direct the circuit court to give.

After this appeal was taken and after this bond was executed, by an amendment to the constitution of the state, the Kansas City Court of Appeals was created with jurisdiction, by the terms of said amendment, over Gentry county and of the appeal so taken to the supreme court. By a provision in such amendment and of a legislative act, the cause appealed as aforesaid was transferred by the supreme court, along with many others, to the Kansas City Court of Appeals; which last-mentioned court afterwards, in due course, affirmed the judgment of the Gentry circuit court in said cause. Such judgment not being paid, this suit is instituted on the appeal bond; the breach alleged, being that defendants have not performed or complied with the judgment of the Kansas City Court of Appeals. The question is, does the failure to perform the judgment of the Kansas City Court of Appeals constitute a breach of the bond as to the sureties?

The rule, which from the frequency of its statement, has grown quite familiar is, that a surety has the right to stand on the letter of his bond. He stands or falls by the letter of his obligations. There is nothing flexible about his contract, nor do equitable or outside considerations enter into its phraseology in determining its meaning.

In this case the sureties have seen fit to limit their obligation, not to the result of the case generally, nor to the determination of an appellate court generally, but to a certain named court. They never intended, of course, to obligate themselves to perform the judgment

of the Kansas City Court of Appeals, for such court was not in existence when they made the bond. How then can we say, under the principle everywhere recognized as governing the liability of sureties to a bond, that by reason of a change in the law creating new courts and altering the jurisdiction of old ones, that the obligation of the surety is also changed?

In *Nofsinger v. Hartnett*, 84 Mo. 549, the bond was to abide the judgment of the St. Louis Court of Appeals. The case was appealed to the St. Louis Court of Appeals and from thence to the supreme court, in which latter court the judgment of the circuit court was affirmed. In a suit on the original appeal bond, it was held that the sureties were not liable on the ground that the judgment was affirmed by the supreme court and not the court named in the bond. The court holds to the express terms of the bond and asks "where is to be found a judgment of the court of appeals affirming that of the circuit court?" And states that if such a judgment had been rendered it would be necessary to aver and prove. So, we may well ask in this case, where is the judgment of the supreme court affirming that of the circuit court of Gentry county? No such judgment was ever rendered. The breach has not occurred. The contingency upon which the sureties' liability was based has not happened. The fact that a breach could not occur by reason of a change of the law may be, and doubtless is, a misfortune to plaintiff, but this ought not to alter the letter of defendants' obligation.

In *Sharp v. Bedell*, 5 Gil. (Ill.) 88, an appeal was taken from the judgment of a justice of the peace to the circuit court of Hancock county and an appeal bond given conditioned to abide the judgment of the circuit court of Hancock county. After getting into the circuit court of Hancock county a change of venue was taken to another county. It was held that the judgment of the latter court did not meet the condition of

the bond and the sureties therein were not liable. To the same effect are the cases of *Myers v. Parker*, 6 Ohio St. 501; *Lang v. Pike*, 27 Ohio St. 498.

It is suggested in argument for plaintiff that the parties must be held to have known and contemplated that the law could create new tribunals and change jurisdiction of those already established. This is true, but defendants were not contracting with reference to the power to amend the constitution. They should only be held to have contemplated existing law. If there had been a statute covering, in general terms, the matter here presented the contention would have been entitled to serious consideration as affecting the letter of the contract.

The result of the foregoing is that we reverse the judgment. All concur.