D. B. BROOKSHIER, Appellant, v. WILLIAM MC-ILRATH et al., Respondents.

**Kansas City Court of Appeals, May 22, 1905.**

1. **PRINCIPAL AND SURETY: Appeal Bond: Change in Appeal Court.** On an appeal to the Supreme Court a bond was given to abide its judgment. Pending the appeal a change of law sent the case to the Kansas City Court of Appeals which affirmed the judgment. The principal became insolvent. *Held*, no action could be maintained against the sureties to enforce the judgment of the Kansas City Court of Appeals.

2. **APPELLATE PRACTICE: Certifying to Supreme Court.** A court of appeal must follow the decisions of the Supreme Court, and where the question is *stare decisis* the court of appeals is not at liberty to disregard the decided cases and certify a cause to the Supreme Court.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Scott J. Miller*, with *L. A. Chapman* and *Frank S. Miller* for appellant.

(1) An appeal bond conditioned as required by the provisions of section 809, Revised Statutes 1899, binds a surety on such bond to the performance or the payment of the judgment appealed from, when affirmed by the court, whether in existence or having jurisdiction or created at the time the bond is executed, or thereafter cre-

ated or given jurisdiction, which actually reviews the decision appealed from and deciding the case in appeal. June & Co. v. Falkinburg, 89 Mo. App. 568; State ex rel. v. Gates, 143 Mo. 63. (2) The words "Supreme Court" used in the appeal bond are synonymous with the words "appellate court" required by the statute. Railroad v. Mussette, 86 Texas 708. (3) It is qiute evident that appeal bonds are not obligations that require the assent of the persons for whose protection such bonds are executed to be obtained, and the change in the jurisdiction does not change the obligator's liability on the bond. Garrison v. New York, 21 Wall. (U. S.) 203. (4) If the bond is in substantial compliance with the provisions of the statute, it is a statutory appeal bond, and will be given effect as such. Newton v. Cox, 76 Mo. 352; Doolittle v. Dinny, 31 N. Y. 350; Brewing Co. v. Talbot, 125 Mo. 388. (5) The bond sued on was submitted to a competent judicial tribunal. Its decision thereon is final between the parties, until it has been reversed, set aside or vacated. Johnson v. Stebbin, 167 Mo. 325; Bedford v. Sykes, 178 Mo. 8. (6) The bond filed obtained the stay of execution, the object for which it was filed, and the parties gaining the benefit therefrom are estopped from impeaching the order of the court or the bond itself. Noah v. Ins. Co., 78 Mo. App. 370, and further authorities cited in the brief and argument.

*J. M. Davis & Sons* for respondents.

(1) The bond sued on in this case, given in the case of Brookshier v. Ins. Co., having been given to perform such judgment as shall be given by the Supreme Court, was not an obligation to perform the judgment of the Kansas City Court of Appeals rendered in that case, and although that action was lawfully transferred from the former court to the latter court, no action can be maintained by plaintiff against these defendants on that ap-

peal bond, although the Kansas City Court of Appeals in that case affirmed the judgment of the lower court, the sureties on the appeal bond are entitled to stand on the strict letter of their contract. Nofsinger v. Hartnett, 84 Mo. 549; Schuster v. Weiss, 114 Mo. 158; Baeur v. Cabanne, 105 Mo. 119; Cranor v. Reardon, 39 Mo. App. 306; Distilling Co. v. Kerwin, 79 Mo. App. 111; Keaton v. Boughton, 83 Mo. App. 158; State ex rel. v. Holman, 96 Mo. App. 202. To the same effect is, Estate v. Fidelity and Deposit Co., 96 Mo. App. 471. (2) The bond here sued on is not a statutory appeal bond, for the reason that in the conditions of the bond the sureties agreed to pay and perform the judgment of "the Supreme Court," instead of "any appellate court" as required by the statute. Brewing Co. v. Talbot, 125 Mo. 388; R. S. 1899, sec. 809. (3) The bond sued on not being a statutory appeal bond in that it was given to perform the judgment of the Supreme Court and not "the appellate court," as required by the statute, when the original case reached the Supreme Court or the Court of Appeals by transfer, a new bond to conform to the statute might have been required by appellant in order to continue the stay, and plaintiff has no right now to complain as to the form of the bond, having neglected to avail himself of the remedy which the law afforded him. Brewing Co. v. Talbot, 125 Mo. 388; Brewing Co. v. Talbot, 135 Mo. 170; Kreyling v. O'Reilly, 95 Mo. App. 561; Keaton v. Bouton, 83 Mo. App. 165.

BROADDUS, P. J.—On the 18th day of January, 1899, the plaintiff obtained a judgment in the circuit court of Livingston county against the Chillicothe Town Mutual Fire Insurance Company in the sum of $2652.50, from which said company appealed to the Supreme Court. The defendants herein were the securities on the appeal bond. While the cause was pending, and before it was determined in the Supreme Court, the jurisdiction

of the courts of appeal was extended by the Legislature giving them jurisdiction in all cases where the amount did not exceed $4,500. After the Legislature extended the jurisdiction of the courts of appeal the Supreme Court under the law certified the case to this court, which affirmed the judgment of said circuit court. The said insurance company paid on the said judgment the sum of $1,000 and no more because of insolvency. The plaintiff seeks to recover from the defendants as securities on said appeal bond the residue of said judgment unpaid. The facts are set out in the petition with a copy of said appeal bond. The sum of the bond is $5,000, and the condition is as follows:

"Now, if said Chillicothe Town Mutual Fire Insurance Company shall prosecute its appeal with due diligence to a decision in the said Supreme Court and shall perform such judgment as shall be given by said Supreme Court, or such as said court may direct the circuit court to give, and if the judgment of such court or any part thereof be affirmed, that it will comply with and perform the same so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by said Supreme Court, then this bond to be void; otherwise, to remain in full force and effect."

The court sustained a demurrer to the petition and plaintiff refusing to further plead, judgment was rendered for the defendants and plaintiff appealed.

The question presented by the record is not one of first impression in this State. The same question came up before this court in Cranor v. Reardon, 39 Mo. App. 306. It was there held; "An appeal bond to perform such judgment as should be given by the Supreme Court is not an obligation to perform the judgment of the Kansas City Court of Appeals. And although the case in which such bond was given was, by the amendment of the constitution and laws enacted in pursuance thereof, lawfully transferred from the former to the latter court, which affirmed the judgment appealed from, no action

can be maintained on the default of the principal, against the sureties on the bond." The reason for the rule was stated by Judge ELLISON, who delivered the opinion of the court, to be: "The rule which, from the frequency of its statement, has grown to be quite familiar is that, a surety has the right to stand on the letter of his bond."

In Nofsinger v. Hartnett, 84 Mo. 549, a somewhat similar ruling was made. There, the court held that the sureties were only bound by the express terms of the bond. In Bauer v. Cabanne, 105 Mo. 110, the court holds: "Sureties on an appeal bond are held liable only according to the strict letter of the undertaking." In Schuster v. Weiss, 114 Mo. 158, the court holds: "The State could not change the contract of a surety on an appeal bond by changing or enlarging by legislative enactment the contract of the principal." There, the bond in question was on appeal to the St. Louis Court of Appeals. Before the court had disposed of the case the Legislature passed the law providing that all cases undetermined in that court should be transferred to the Supreme Court. The court held that, the sureties were not liable on their appeal bond to the former on a judgment rendered by the latter. To the same effect is State ex rel. v. Holman, 96 Mo. App. 193.

The appellant cites Mexican National Railway v. Mussette, 86 Texas 708, that the words "Supreme Court" used in the appeal bond are synonymous with the words "appellate court." But the Texas case is in conflict with our own decisions, and for that reason is not authority.

Appellant further contends that the decisions of state courts are wrong upon principle, and if this court determines to abide by them he wants the case certified to the Supreme Court where it can be decided upon a correct principle. But we have no authority to so certify it. The question is *stare decisis* and we are not at liberty to disregard the decided cases. Affiirmed. All concur.