CHARLES H. MOORE, Admr. of the Estate of John McGraw, Deceased, Appellant, v. TITLE GUARANTY & TRUST COMPANY OF SCRANTON, PA., Respondent.

Kansas City Court of Appeals, October 3, 1910.

ACTION ON APPEAL BOND: Liability of Surety. From a judgment for damages an appeal was taken to the Supreme Court and an appeal bond given with defendant as surety, the conditions of which were that the appeal would be prosecuted to a decision in the Supreme Court and for the performance of such judgment as that court might give, or such as it might direct the circuit court to give, and if the judgment should be affirmed and the appellants should comply therewith and pay all damages and costs awarded against them by the Supreme Court, the obligation to be void. The Supreme Court transferred the cause to this court on jurisdictional grounds and the judgment was affirmed, and this action was brought on the appeal bond to recover the amount of the judgment. *Held,* that the conditions of the bond did not extend liability of the surety to include a judgment rendered by any other appellate court than the Supreme Court.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

AFFIRMED.

*A. F. Smith, W. F. Guthrie* and *Boyle & Howell*, for appellant.

(1) The court erred in sustaining defendant's demurrer to plaintiff's petition. The appeal having been taken, and the bond having been given to protect the respondent from the effect of that appeal, the name of the appellate court in said bond is mere recitation, and the words therein "Supreme Court" should be read to mean "proper appellate court." The bond should be construed according to its real intention. U. S., etc., Co. v. U. S., 191 U. S. 416, 426, 48 L. Ed. 242; Robinson v. Slimpton, 25 N. Y. 484; Dowiat v. The People, 193 Ill. 264, 61 N. E. 1059; Walker v. Douglas, 70 Ill. 445; Barela v. Tootle, 29 Colo. 52; Gardner v. Barney, 25 How. Pr. 467; Richardson v. Kropp, 47 How. Pr. 286; Brandt on Suretyship (3 Ed.), sec. 107; City Trust, etc., Co. v. Lee, 204 Ill. 69, 68 N. E. 485. The language of the contract is to be considered as affected by existing statutes providing for a change of appellate forum. Holdeman v. Powers, 103 Ky. 525. A similar bond has been held valid. Zellars v. National Surety Co., 210 Mo. 86. (2) The bond has cumulative conditions. If there was a cunning purpose to escape liability in case of a legal change of the appellate forum, the contract should be construed most strictly against the writer thereof, and if any condition is broken, there should be declared a liability on the bond. Gardner v. Barney, 24 How. Pr. 467; Brandt on Suretyship (3 Ed.), sec. 103; Schreffler v. Nadelhoffer, 133 Ill. 536. (3) At the time the appeal was taken it was improperly taken to the Supreme Court. That court was really

without jurisdiction to hear the appeal. There was, therefore, a breach of the condition and consequently a liability on said bond at the time it was made. 2 Blackstone's Com. 340, 341; 2 Am. and Eng. Ency. Law (1 Ed.), 643; Ward v. Hood, 124 Ala. 570, 27 So. 245.

*Lowe & Shannon* for respondent.

The court was right in sustaining defendant's demurrer to plaintiff's petition. Brookshire v. McIlrath, 112 Mo. App. 690; Craner v. Reardon, 39 Mo. App. 306; Zellers v. National Surety Co., 210 Mo. 106.

JOHNSON, J.—This is a suit on an appeal bond. Defendant demurred to the petition on the ground that it failed to state facts constituting a cause of action. The demurrer was sustained, plaintiff elected to stand on the petition, judgment was rendered for defendant and plaintiff appealed.

Material facts alleged in the petition are as follows: John McGraw brought suit in the circuit court of Jackson county to recover damages laid at $12,000, sustained by him on account of the conversion of some cattle by defendants. In addition to an answer, defendants filed a counterclaim. A trial to a jury resulted in a verdict for McGraw for $11,472.81 on his cause of action and for the defendants for $7643 on their counterclaim. McGraw filed a remittitur of $1500 and judgment was rendered for him on the verdict for $2229.81. Defendants were granted an appeal to the Supreme Court and gave an appeal bond which the present defendant executed as surety. On motion of McGraw, the Supreme Court transferred the cause to this court on jurisdictional grounds. This court heard the cause and affirmed the judgment of the circuit court. The judgment was not satisfied and McGraw having died

in the meantime, the administrator of his estate brought this suit against the surety on the appeal bond to recover the judgment, interest and costs.

The bond is conditioned: "Now if said appellants shall prosecute their appeal with due diligence to a decision in the Supreme Court of the State of Missouri and shall perform such judgment as shall be given by the said Supreme Court or such as the said Supreme Court may direct the circuit court to give and if judgment of said circuit court, or any part thereof, be affirmed and said appellants shall comply with and perform the same so far as it may be affirmed, and pay all damages and costs which may be awarded against them by the said Supreme Court, this obligation to be void; otherwise to remain in full force and effect."

It will be observed this condition is the same as that of the appeal bonds considered by this court in Craner v. Reardon, 39 Mo. App. 306, and in Brookshier v. McIlrath, 112 Mo. App. 687, where we held that the bonds did not extend the obligation of the sureties to include judgments rendered by any other appellate court than the Supreme Court. The rule is firmly fixed that a surety has the right to stand on the letter of his bond and that his obligations will not be enlarged by implication. The letter of the bond before us restricted the liability of defendant to responding to the judgment of the Supreme Court and we could not enlarge that liability without doing violence to the terms of the contract of suretyship.

In the case of Zellars v. Surety Co., 210 Mo. 86, the bond was conditioned differently and because of the difference the surety was held liable but the rule of the decisions of this court to which we have referred was recognized and approved in its application to cases, such as the present, where the appeal is "so worded by accident or design as to limit the liability of the surety to the affirmance of a judgment by a

specified court.'' While the *strictissimi juris* rule of construing the contract of a surety should be, and to some extent, has been relaxed in the judicial inspection of bonds executed by surety companies for hire, the express limits placed by such contracts on the obligation of the surety must be respected, else courts will be making contracts for persons which they did not make nor intend to make for themselves. The judgment is affirmed. All concur.