## THOMAS HILL, Appellant, v. S. A. KELLER et al., Respondents.

**Springfield Court of Appeals, June 12, 1911.**

1. **APPEAL AND ERROR: Action on Appeal Bond: Dismissal of Appeal: Liability of Surety.** Two of the respondents prosecuted an appeal from a judgment rendered against them in the circuit court, which appeal was dismissed by the appellate court for failure to comply with the rules of that court. Within a year from the date of the judgment these respondents sued out a writ of error, which is still pending. Afterwards this action was prosecuted against these two respondents and their sureties on the appeal bond. This appeal bond followed the words of the statute (R. S. 1909, sec. 2042), and was conditioned that the defendants should prosecute their appeal to the appellate court with due diligence to a decision and shall perform such judgment as shall be given by the appellate court, etc. The costs of the appeal had been paid by respondent before the commencement of this action. *Held*, that the dismissal of the appeal was a decision of the appellate court and that there had been no breach of the conditions of the appeal bond.

2. ————: **Bond in Appeal: Bond on Writ of Error: Nature of Obligation: Difference in Conditions.** There is a difference in the wording of section 2042, Revised Statutes 1909, providing for the conditions of an appeal bond, and section 2068, relating to the bond given to stay execution upon a writ of error. In the former case the recognizance required is that appellants shall prosecute their appeal with due diligence to a decision, and in the later case the plaintiff in error is to prosecute such writ with effect, which means success; that is, a reversal or an overturning of the judgment. The language of the appeal bond carries with it no implication that the decision shall be one favorable to the appellant.

3. **STATUTORY CONSTRUCTION: Principal and Surety: Action on Appeal Bond.** The words of the statutes must be strictly construed in favor of the sureties on an appeal bond.

4. **APPEAL AND ERROR: Dismissing Appeal: Affirming Judgment: Liability on Bond.** Where an appeal bond follows the words of the statutes, the obligors in such bond specifcaly contract to perform such judgment as shall be given by the court of appeals, and where judgment is not affirmed but the appeal is dismissed by such court, there is no liability on the part of the obligors in such bond to pay the judgment.

Hill v. Keller.

5. ———: ———: ———. Under the provisions of sections 812 and 813, Revised Statutes 1899, and the rules governing appellate practice, a well recognized distinction is made between affirming a judgment and dismissing an appeal.

6. ———: ———: ———: **Writs of Error.** The distinction between dismissing an appeal and affirming the judgment is recognized under the law concerning the issuance of writs of error. When the appeal has been dismissed by an appellate court a writ of error may be sued out within one year after the rendition of the judgment in the lower court, but when the judgment is affirmed by the appellate court no writ of error will issue.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*H. W. Currey, George V. Farris* and *W. J. Owen* for appellant.

(1) The defendants, Keller and Fetters, having given an appeal bond with T. E. Stacey and Harrison Keller as sureties conditioned that they should prosecute their appeal with due diligence to a decision, and thereafter the appeal having been dismissed this was a breach of the bond and rendered the sureties liable. Campbell v. Harrington, 93 Mo. App. 315; Klein v. Boyd, 48 N. E. 475. (2) The appeal having been dismissed a right of action upon the bond accrued to plaintiff at the time of the dismissal and the suing out of a writ of error, which is a new suit and not a continuation of an appeal, and giving a supersedeas thereon, did not operate to release the sureties on the appeal bond. Swafford Bros. Co. v. Livingston, 65 Pac. 413; Chester v. Broderick, 15 N. Y. S. 353; Babbitt v. Finn, 101 U. S. 37; Scheffel v. Scheffel, 84 S. W. 862; Bulkley v. Stephens, 29 Ohio, 620; Taylor v. Tibatts, 52 Ky. 177; Hayes v. Weaver, 55 N. E. 172, 61 Ohio, 55; Smith v. Falconer, 11 Hun (N. Y.) 481.

*M. R. Lively* and *Spencer, Grayston & Spencer* for respondents.

(1) There is a principle that pervades the whole doctrine on the relation subsisting between the creditor and a security debtor; that is, that the obligation shall by no liberal intendment be carried in the smallest degree beyond the undertaking. And again, that there is no moral obligation on the security beyond, or superadded to the legal obligation. His obligation being essentially a legal one, it would follow that, if not liable in strict law, he is not liable at all. Bauer v. Cabanne, 105 Mo. 118; Dorriss v. Carter, 67 Mo. 544. (2) A bond was given to abide the judgment of the Supreme Court. Pending the appeal by a change of the law the case was sent to the Kansas City Court of Appeals, which affirmed the judgment. The principal became insolvent. It was held that no action could be maintained against the sureties to enforce the judgment of the Court of Appeals. Brookshier v. Melrath, 112 Mo. App. 687; Nofsinger v. Hartnett, 84 Mo. 549; Keaton v. Boughton, 83 Mo. App. 158; Brewing Co. v. Talbot, 125 Mo. 388; Moore v. Title Co., 131 S. W. 477. (3) Under the statute where one sues out a writ of error and bond is given and approved and proper endorsement made on the writ, as was done in this case, no execution shall issue and if issued the officer charged with the execution shall proceed no further therewith. R. S. 1909, secs. 2068, 2069, 2070. This means that all proceedings of every character under the judgment are stayed. State ex rel. v. Lewis, 76 Mo. 370; State ex rel. v. Ranson, 86 Mo. 327; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Klein, 137 Mo. 673; State ex rel. v. Wood, 142 Mo. 127.

NIXON, P. J.—This was an action on an appeal bond, given in a case pending in Jasper county, on appeal thereof to the Kansas City Court of Appeals. The original case, in which the bond was given, finally

reached and was decided by this court, and certified to the Supreme Court. [133 S. W. 1180.] The facts are that during the April term, 1909, of the circuit court of Jasper county, on trial Summers recovered judgment in the court against S. A. Keller and James Fetters (two of the defendants herein). An appeal was allowed these defendants to the Kansas City Court of Appeals, and in due time they filed and had approved their appeal bond in the sum of $3200, with F. E. Stacy and Harrison Keller (the other two defendants herein) as sureties. The bond was conditioned that "if S. A. Keller and James Fetters shall prosecute their appeal to the appellate court with due diligence to a decision, and shall perform such judgment as shall be given by the appellate court, or such as the appellate court may direct the circuit court to give, and if the judgment of said circuit court, or any part thereof, be affirmed, that——will comply with and perform the same as far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellants by the appellate court. . . ."

At the October term, 1908, of the Kansas City Court of Appeals, the said appeal was dismissed for failure to comply with the rules and it was ordered that the respondent therein recover against the appellants the costs and charges therein expended and have execution. All the costs and charges connected with the appeal, both in the circuit court and the court of appeals, were paid by said appellants long before the commencement of the present suit.

In May, 1909, within one year after the rendition of said judgment in the circuit court, the defendants sued out a writ of error from the Kansas City Court of Appeals, in said cause, and filed and had approved their bond which was conditioned "that the plaintiffs in error should prosecute their writ of error with effect in the appellate court, and perform such judgment as shall be given by the appellate court, or it may

direct the circuit court to give, and if the judgment of the circuit court or any part thereof, be affirmed, they should comply with and perform same so far as affirmed, and pay all damages and costs that might be awarded and adjudged against said plaintiffs in error.'' The recognizance having been approved, it was ordered that a supersedeas be granted and that execution be stayed until the error complained of could be heard and determined. Accordingly the case went to the Kansas City Court of Appeals for trial on said writ of error, and was then transferred to and heard by this court, as above stated, and is still pending and undetermined, having been certified by this court to the Supreme Court as we have stated.

On the 17th day of May, 1909, plaintiff, Thomas Hill (the judgment having been assigned to him) commenced this action in the circuit court of Jasper county against the four respondents herein to recover the amount of the appeal bond and to have execution thereon for the amount of the judgment. After both judges of the circuit court of Jasper county had been disqualified, the case was sent to the circuit court of Barton county, where, after hearing the evidence, the court found the issues in favor of the defendants. The plaintiff has appealed.

The petition is in the usual form. The breach of the conditions of the appeal bond specifically charged is ''that S. A. Keller and James Fetters did not prosecute their appeal with due diligence to a decision in the appellate court, but that their appeal was dismissed by the Kansas City Court of Appeals, and that the judgment and mandate of the Kansas City Court of Appeals was duly filed in the office of the clerk of the circuit court of Jasper county on the——day of December, 1908, and that the said S. A. Keller and James Fetters have failed to pay the said judgment, or any part thereof, and that all of the said judgment and the costs in said cause remain wholly unpaid and

unsatisfied." Defendants' amended answer, besides setting up the facts concerning the issuance of the writ of error and supersedeas, denies that any breach of the conditions of the appeal bond has occurred. The appellant at the trial made no claim and offered no evidence of any damages, general or special, by reason of the failure of Keller and Fetters to prosecute their appeal with due diligence or otherwise except their failure to pay the judgment appealed from.

It will be readily observed that if no breach of the conditions of the appeal bond has occurred, or that none remain unsatisfied, the judgment of the Barton County Circuit Court was for the right party and should be affirmed.

The appeal bond under consideration was in literal compliance with the statute and contained the statutory condition that the appellants would prosecute their appeal *with due diligence to a decision* in the appellate court and perform such judgment as shall be given by such court. [Sec. 2042, R. S. 1909.] In the same chapter, we find the section (2068) as to the recognizance to be entered into when it is sought to stay execution upon writ of error, requiring such recognizance to be conditioned that the plaintiff in error will prosecute such writ *with effect*. It has been held under this latter statute that "with effect" means with success, and that nothing is to be considered to be success short of a reversal or an overturning of the judgment of which complaint is made. [Campbell v. Harrington, 93 Mo. App. 315, 324, 325.] The language of the appeal bond—prosecute the appeal with due diligence to a decision—carries with it no implication as to what that decision shall be, much less that the decision shall be one favorable to the appellant. The fact of the existence of a difference in the wording of the two sections has a significance not to be overlooked and such difference in wording is persuasive of the fact that the Legislature intended a dif-

ference in meaning. The distinction is recognized in Mattenlee v. Mattenlee (Mo. App.), 74 S. W. 889, where the appellate court had dismissed an appeal and respondent was urging that if the order dismissing the appeal should not be set aside, and the judgment be not affirmed, she would be deprived of the security afforded her by the appeal bond. The court said: "Whether or not the dismissal of the appeal is only such a breach of the condition of the bond as entitles the plaintiff to nominal damages, it is not, perhaps, proper in this collateral matter to express an opinion. In order to avoid the possible consequences which plaintiff apprehends will result to her from allowing the order of dismissal to stand, we have conceded to set aside that order; and, since the defendant has failed to prosecute his appeal as provided in sections 812, 813, Revised Statutes 1899, we shall order the judgment to be affirmed." In the opinion in that case the court expressly recognized the distinction between the two forms of bonds.

In other jurisdictions, the courts have construed the words "with effect" in such statutes in different ways. [See 6 Words & Phrases, 5735.] In the case of Swofford Bros. Dry Goods Co. v. Livingston (Colo.), 65 Pac. 413, the appeal bond upon which suit was brought contained the condition that appellants "shall duly prosecute such appeal." The court said: "But the complaint charges that the appeal was dismissed. The bond was conditioned for the due prosecution of the appeal. By the *due* prosecution of the appeal is meant its effectual prosecution, and the dismissal was the result of a want of prosecution. Charging the dismissal of the appeal was, therefore, equivalent to charging the failure of the defendants to prosecute their appeal effectually, and such failure was a breach of the condition of the bond. A right of action upon the bond therefore accrued to the plaintiffs."

The requirement of our statute is that the appeal bond shall be conditioned that the appellant will prosecute his appeal with due diligence *to a decision* in the appellate court, and it carries no ambiguity. ''When the bond is in the terms of the statute, the question is not so much a construction of the bond, as it is a construction of the statute.'' [Campbell v. Harrington, supra.] If the dismissal of an appeal by an appellate court is a ''decision,'' then the condition in the bond under consideration as to prosecuting the appeal to a decision has been fulfilled, provided, of course, the bond is otherwise complied with. That the dismissal of an appeal is a ''decision'' is at once apparent. In Estey v. Sheckler, 36 Wis. 434, 436, the laws of Wisconsin provided that the clerk of the Supreme Court shall remit to the court from which an appeal was taken the papers transmitted to the Supreme Court on the appeal, together with the judgment or decision of the Supreme Court thereon. Held, that the term ''decision,'' as used in the act, included an order dismissing the appeal.

The words of the statute must be strictly construed in favor of the sureties on the appeal bond. It was held in Bauer v. Cabanne, 105 Mo. 110, 16 S. W. 521, that the sureties on an appeal bond are held liable only according to the strict letter of their undertaking. Our Supreme Court in that case refers to the cases of Myers v. Parker, 6 Ohio St. 501, and State v. Medary, 17 Ohio 565. In the former, the Supreme Court of Ohio said: ''No principle is better settled than that a surety has a right to stand upon the very terms of his contract.'' In the latter it is said: ''The bond speaks for itself, and the law is that it shall so speak and that the liability of sureties is limited to the exact letter of the bond. There is no construction against sureties.'' See also, Nofsinger v. Hartnett, 84 Mo. 549. A claim against sureties is *strictissimi juris*. It is enough to say that this has become a set-

tled rule of interpretation in this state. That this rule is strictly enforced is evidenced by the authorities wherein many seeming hardships fall upon others because of the strict enforcement of this rule in favor of sureties. [See Cranor v. Reardon, 39 Mo. App. 306; Schuster v. Weiss, 114 Mo. 158, 21 S. W. 438; State ex rel. v. Holman, 96 Mo. App. 193, 68 S. W. 965; Brookshier v. McIlrath, 112 Mo. App. 687, 87 S. W. 607; J. H Rothman Distilling Co. v. Kermis, 79 Mo. App. 111; Keaton v. Boughton, 83 Mo. App. 158; Moore v. Title Guar. & T. Co., 151 Mo. App. 256, 131 S. W. 477.]

By the present action, appellant seeks to recover the amount of the original judgment of $2312 and costs rendered by the circuit court of Jasper county because the appeal was not prosecuted to a decision in the Kansas City Court of Appeals. The respondents as obligors in such bond specifically contracted to pay such judgment if it should be affirmed by said court of appeals. The judgment was not affirmed, but the appeal was dismissed by such court. Under the provisions of sections 812 and 813, Revised Statutes 1899, and the rules governing appellate practice, a well-recognized distinction is made between affirming a judgment and dismissing an appeal for want of prosecution, and the conditions under which an appeal may be dismissed are not necessarily the conditions under which a judgment may be affirmed; the one will not necessarily authorize the other; but, in many cases where an appeal is dismissed, the respondent could, on proper motion, have had the judgment affirmed. This distinction between dismissing an appeal and affirming a judgment receives further recognition when considered from the standpoint of our law concerning the issuance of writs of error. When an appeal has been dismissed by an appellate court, a writ of error may be sued out at any time within one year after the rendition of the judgment by the trial court. [Bril

v. Meek, 20 Mo. 358.]    But when a judgment has once been affirmed, even technically for want of production, no writ of error will issue.  [Padgett v. Smith, 205 Mo 122, 124, 103 S W. 942, and cases cited.]   So that the law of other states that the dismissal of an appeal for want of prosecution is equivalent to an affirmance of the judgment cannot be recognized as in accord with the law of this state.

Under all the principles of law governing the interpretation of written obligations of sureties we are prohibited by any sort of liberal intendment from reading into the terms of the respondents' bond that they obligated themselves to prosecute the appeal "with effect," or any words of similar import, or that they in any way contracted that the judgment of the lower court should be reversed in the appellate court.   The respondents contracted to pay the judgment of the lower court only upon the express condition that the judgment was affirmed in the Kansas City Court of Appeals.   Hence, in order that the recognizance should become an indemnity or security for the payment of such judgment and the payment thereof enforced against the respondents as sureties, the affirmance of such judgment would be a necessary averment which appellant would have to prove before he could recover.

It follows from what has been said that the judgment was for the right party and it is hereby affirmed. All concur.