BERNARD A. DOLAN, as Guardian of Louisa Grimsley, Appellant, v. E. T. BARTRUFF, Appellee.

**Appeal:** DISMISSAL: EFFECT. The agreement of defendant, in an action
1    to quiet title, to dismiss an appeal from the judgment for plaintiff
upon receiving a quit claim deed to a portion of the land, did not
operate as a satisfaction of the decree to any extent, but the effect
of the dismissal was presumptively an affirmance of the judgment
of the lower court.

**Real property:** DISPOSSESSION: DAMAGES. Where no actual damages
2    are proven in an action for the wrongful dispossession of plaintiff
of real property only nominal damages can be recovered.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON, Judge.

FRIDAY, FEBRUARY 13, 1914.

ACTION for damages for alleged wrongful dispossession of the plaintiff Grimsley from certain real estate. At the close of the plaintiff's evidence, there was a directed verdict for the defendant. The plaintiff appeals.—*Affirmed*.

*Herminghausen & Herminghausen, B. F. Jones* and *Bernard A. Dolan,* for appellant.

*Hollingsworth & Blood* and *F. M. Ballinger,* for appellee.

EVANS, J.—For convenience of discussion we shall disregard the guardianship and refer to Louisa Grimsley as the plaintiff.

The petition, although in two counts, does not disclose the ground of liability on which recovery is sought. For the moment, therefore, we look beyond it into the evidence and the argument.

The facts in this case rest upon the history of a previous case between the same parties under a reverse title. This action grows out of the partial enforcement of the decree in such former action. Prior to such former action the defendant held a purported tax title to certain real estate in the city of Keokuk. The plaintiff herein was in possession thereof, and had been in possession for many years. In 1907 an action was brought by this defendant against this plaintiff in the superior court of the city of Keokuk to quiet title and to recover possession. He prevailed in the action and obtained full relief, including an order for writ of possession. The plaintiff appealed to this court. While such appeal was pending, and before its determination, the plaintiff herein (being appellant therein), dismissed her appeal. Such dismissal of the appeal was had in pursuance of a compromise. By such compromise the defendant Bartruff (appellee therein) surrendered his claim to a part of the real estate, and executed a quitclaim deed therefor. This quitclaim deed was made to one Hughes, the attorney of record for Mrs. Grimsley. At the same time, or just prior thereto, Mrs. Grimsley quitclaimed the entire property covered by the decree to one McIlwaine. McIlwaine quitclaimed to Hughes, and Hughes quitclaimed to Bartruff that remaining part of the real estate which was not included in the quitclaim deed of Bartruff to Hughes. Bartruff caused a writ to issue and to be placed in the hands of an officer, who executed the same and put Bartruff in possession of that part of the real estate which he had not surrendered since the decree in his favor. The principal contention of appellant in argument is that the legal effect of the compromise referred to was to fully cancel and satisfy the former decree, and that the issuance of a writ thereunder thereafter was malicious and actionable, and that this is so regardless of whether the

appellant was entitled to retain her possession or not. The present action is brought to recover the alleged resulting damages.

The parties in the former suit entered into a written stipulation. Its only provision was that the appeal should be dismissed. Oral testimony was received as to the reason or consideration for the dismissal. It is upon such testimony that our foregoing statement is based. There was no cancellation or discharge of the former decree in form. There was no evidence of any express agreement that it should be thus canceled or discharged. Appellant's contention is based wholly upon the theory that such cancellation was a necessary result of the compromise, as a matter of law. That such an inference might be drawn in an appropriate case from words and circumstances proved may be conceded. But there is no warrant for the claim that a mere compromise of an appeal necessarily as a matter of law cancels the decree of the trial court. Neither is there anything proved in this case which would warrant the inference that Bartruff canceled or agreed to cancel or to satisfy the decree, except perhaps, to the extent of releasing from its operation that part of the property which he surrendered by his quitclaim deed. Indeed the quitclaim deed was adequate for the purpose of such surrender without any modification or satisfaction of the decree to any extent. Bartruff took possession only of that part which he had not surrendered. The decree itself was in no manner affected by the mere pendency of the appeal. Code, section 4128. No supersedeas bond was filed, and the right of Bartruff to the issuance of a writ had never been suspended for a moment up to the time of the compromise. The effect of the dismissal of the appeal was presumptively to affirm the judgment below. *Coon v. McCormack,* 69 Iowa, 540. If the intent was otherwise, the burden was on the appellant to show it.

For some reason not apparent, the petition assailed the validity of the compromise upon which plaintiff's claim of sat-

1. APPEAL: dismissal: effect.

isfaction of the decree is based. The petition charged that the compromise was "made by defendant with one F. T. Hughes who claimed to own said premises, but in fact had no title thereto." From some statements appearing in argument we infer that the real purpose of the foregoing allegation was to protect the position of the plaintiff in other litigation. The allegation furnishes no aid to the plaintiff in this case. On the contrary, it tends to impeach the very compromise upon which appellant has relied as a satisfaction of the decree.

It is to be noted, further, that the record is barren of any evidence as to the amount of damages, if any, sustained by plaintiff. At most, therefore, only nominal damages could have been awarded.

2. REAL PROPER-
TY : disposses-
sion : damages.

We reach the conclusion that the trial court properly directed a verdict, and its order is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.