BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1915.

---

ARKANSAS VALLEY TRUST COMPANY, Respondent, v. W. D. CORBIN et al., Appellants.

Kansas City Court of Appeals, May 3, 1915.

1. **APPEAL: Short Form: Abstracts: Rules: Dismissal: Affirmance.** Where an appellant appealing to the appellate court by the short form of transcript, fails to prepare and serve abstracts of the record as required by rule of court, the penalty is a dismissal of the appeal and not an affirmance of the judgment.

2. **APPEAL AND ERROR: Appeal Bond: Failure to Prosecute Appeal.** Failure by an appellant to prosecute his appeal by willfully or negligently failing to take the necessary steps, or by affirmatively asking for dismissal of the appeal, is a breach of his bond, conditioned to prosecute his appeal with diligence to a decision in the appellate court, and on the court dismissing the appeal, an action lies on the bond.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone*, Judge.

MOTION TO AFFIRM DENIED (*Transferred to Supreme Court*).

(153)

*Sebree, Conrad & Wendorff* for appellants.

*John G. Paxton* for respondent.

ELLISON, P. J.—This is an appeal, prosecuted by defendant Corbin, from a judgment for $2656.25 and costs rendered against him and his co-defendant in the circuit court of Jackson county, December 4, 1913. The appeal was allowed December 19, 1913, and the appeal bond, fixed at $3000 was filed and approved. The appeal was returnable to the March, 1914, term, of this court (sec. 2047, Revised Statutes 1909) and on February 3, 1914, the appellant duly filed in the office of our clerk a short form transcript which conformed to the requirements of section 2048, Revised Statutes 1909. The case reached this court too late to go on the docket of the March term (sec. 2075, Revised Statutes 1909) and was placed on the docket for the October term and set for hearing December 10, 1914. Appellant failed entirely to comply with the provisions of Rule 15, requiring the service and filing of abstracts of record and briefs and respondent filed a motion for an affirmance of the judgment. The question raised by the motion is whether a failure to comply with Rule 15 may be a sufficient ground for an affirmance of the judgment.

The statute, section 2047, Revised Statutes 1909, provides for filing transcripts of appeal in the appellate court and also provides that the penalty for failure to do so shall be an affirmance of the judgment, if the respondent will present a transcript and ask for such affirmance.

The short form of appeal, together with the manner of presenting the record of the trial court, is a special and comparatively new method of appellate procedure. Under the old method, it was necessary to

bring up the whole record and such thing as an abridged record was not known to the statute. Influenced by the desire to facilitate appeals, to reduce the labor and to cut the expense, the Legislature enacted the statute now incorporated in section 2048, Revised Statutes 1909, wherein a short form of record consisting of a memoranda of the judgment appealed from, certified by the clerk, may be filed in the appellate court. Then, in order that such appellate court might be advised of the case and the grounds of appeal, it was provided, in the same section, that a printed abstract of the record in the trial court should be prepared by the appellant "within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court." It is then provided in section 2049, of the statute, that the appellate court "shall from time to time make and promulgate suitable rules and regulations for carrying into effect the provisions" of this statute. By authority of said section 2048, we have prescribed in rule 15, the time when the abstract must be served on the opposite party and when it shall be filed in court. And by authority of the last of these sections, we have, in rule 18, fixed upon and named the penalty for a failure to serve and file such abstracts in these words: "The court, when the cause is called for hearing, will dismiss the appeal or writ of error, or, at the option of respondent, or defendant in error, continue the cause, at the costs of the party in default."

It seems to me that now, without warning, to bring into existence and to enforce a different and far more drastic penalty, viz., an affirmance of the judgment, would be in its nature *ex post facto*.

As first above stated, the statute (sec. 2047) authorizes an affirmance of the judgment for failure to file the transcript and sections 2048, 2049, authorize

the court to pass rules prescribing penalties enforcing the service and filing of abstracts, and the court has prescribed that the penalty shall be a dismissal of the appeal. It seems to me that that is all the penalty we can inflict.

The suggestion has been made that in order that the respondent; plaintiff, may have a right of action on the appeal bond, there must be an affirmance of the judgment, for, respondent says, the dismissal of the appeal will not give that right; and he cites a decision of the Springfield Court of Appeals in support of that view; Hill v. Keller, 157 Mo. App. 710. That interpretation of the statute does affect the question now before us.

The statute (sec. 2042, Revised Statutes 1909) in relation to appeal bonds prescribes that the bond shall be in double the amount of the judgment, and shall be conditioned, "that the appellant will prosecute his appeal with due diligence to a decision in the appellate court and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court or any part thereof, be affirmed, that he will comply with and perform the same, so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by any appellate court."

Judge Nixon, who wrote the opinion in the case referred to, takes the view that a dismissal of an appeal is "a decision" and that therefore the condition of the bond has been fulfilled and no liability is incurred. If it be conceded, that a judgment of dismissal is a decision of the case, within the meaning of the bond, yet, it seems to me that the learned Judge fails to give effect to the words immediately preceding the word "decision." The whole phrase should be considered, viz., "that the appellant will *prosecute* his appeal *with due*

*diligence* to a decision." Now if an appellant fails altogether to prosecute his appeal by either willfully, or negligently defaulting in the steps necessary to take care of it, to the end that it may be heard; or by affirmatively asking that it be dismissed, he certainly is violating the condition to *prosecute* with *diligence.* He is taking exactly the opposite to the course he obligated himself to take. He who dallies, or lags with an appeal; or, who neglects, or willfully abandons it, is not prosecuting it. To prosecute an appeal, means to keep step, as well as reasonably may be, the circumstances considered, with the legal requirements to bring it to a final disposition. It seems to me absurd to allow that one who neglects, or abandons his appeal, may say that he diligently prosecuted it.

That construction would make the statute furnish safe means for the loser to trifle with the process of the court and to practice gross imposition on the prevailing party. For he may appeal and stay execution, then delay until thrown out of court, or maybe, go out on his own motion, and then be heard to say to a helpless respondent that he had complied with his bond.

It is held by weight of authority that when the appeal is complete and the appellate court has jurisdiction, the dismissal of the appeal, an action which leaves standing in full force the judgment appealed from, in every respect operates as, and practically is, an affirmance of the judgment, and would give an action on the bond under the foregoing condition for affirmance. [Stearns Suretyship 364; Baylies on Sureties, and Guarantors, 174; Chase v. Beraumb, 29 Cal. 138; Coon v. McCormick, 69 Iowa, 539; Dolan v. Bartrell, 145 N. W. 273. (Supreme Court of Iowa 1914); Blaer v. Reading, 103 Ill. 375; McConnel v. Swailes, 2 Scam. 572; Sutherland v. Phelps, 22 Ill. 91; Harrison v. Bank, 3 J. J. Marsh, 375; Gregory v.

Obrian, 13 N. J. L. 11, 15; Teel v. Tice, 14 N. J. L. 444.] But whether authorizing an action on that part of the condition is of no consequence in this case, since the literal terms of the bond as to a prosecution with diligence, have been violated.

As influencing the view that a dismissal of an appeal for failure to prosecute in the manner required by law will not give an action on the appeal bond, it is said that the statute permits one to sue out a writ of error at any time within a year of the rendition of the judgment and that the writ may be had after the dismissal of an appeal. And it is said that to allow the respondent to recover on his appeal bond would produce, in many instances, the anomaly of one having paid a judgment which is afterwards reversed on writ of error. But that would be no more than frequently happens; thus, if one appeals or sues out a writ of error and does not give bond, there is no *supersedeas* and execution may immediately issue and compel him to pay a judgment which may afterwards be reversed when the case is heard in the appellate court. But in each of these instances the successful party in the appellate court may recover back the money he has been compelled to pay. So though an appellant who dismisses his appeal (or his sureties) is compelled to pay the judgment, and though such judgment is afterwards reversed on a writ of error, he is in no worse situation than he who appeals, or who sues out a writ of error, without bond.

The motion to affirm should be denied. All concur.

The Court deeming the decision herein to be in conflict with Hill v. Kellar, 157 Mo. App. 710, decided by the Springfield Court of Appeals as above stated, this case will be certified to the Supreme Court as required by the Constitution.