MARYLAND CASUALTY COMPANY, A Corporation, Appellant, v. LUCKY BUDGE MINING COMPANY, A Corporation, and O. W. STONE, Respondents.

Springfield Court of Appeals, January 28, 1916.

1. APPEAL AND ERROR: Appeal Bond: Condition Breached: Surety's Liability. An appeal bond, following the language of

Sec. 2042, Revised Statute 1909, with a condition that the appeal shall be prosecuted with due diligence, is breached by allowing the appeal to be dismissed for failure to prosecute and the surety thereon is thus rendered liable.

2. ———: ———: **Purpose of Bond.** The whole purpose of an appeal bond is to stay the judgment creditor's execution until the cause can be passed on and disposed of by the appellate court, and in consideration of such stay the bondsmen agree to pay the entire judgment and costs unless on appeal some relief or modification of the judgment appealed from is obtained.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank L. Forlow* for appellant.

*A. L. Thomas* for respondent O. W. Stone.

FARRINGTON, J.—Appellant and respondent Stone agree that the following is a correct statement of the case presented:

On the 26th day of May, 1911, the Maryland Casualty Company obtained a judgment in the circuit court of Jasper county, Missouri, against the Lucky Budge Mining Company for $561.26 debt and costs taxed at $21.50 for and on account of insurance having been furnished the defendant by plaintiff and not paid for.

At that time the defendant was engaged in mining, having a lease and concentrating plant and being a going concern.

That the defendant thereupon gave a bond in appeal and duly appealed the cause to the Springfield Court of Appeals on the 2d day of June, 1911, where said cause remained until the 2d day of April, 1912, when said appeal was dismissed for failure of the appellant in that suit to prosecute its appeal. After this time and while the appeal was pending in this court, the Lucky Budge Mining Company was adjudged a bank-

rupt and its creditors only received dividends of 8.6 per cent of their claims.

The plaintiff after the return of the mandate of this court brought this suit on the bond given by the Lucky Budge Mining Company on appeal, with John Durby and O. W. Stone as sureties. John Durby having departed this life, the suit was dismissed as to his administrator before the trial and was continued only against the Lucky Budge Mining Company and O. W. Stone.

The cause was tried before the court without a jury, and at the close of all the evidence the court gave the plaintiff a judgment against the Lucky Budge Mining Company, the principal in the bond, but rendered judgment in favor of the other defendant, Stone. To this action the plaintiff duly excepted, and has brought this cause to this court claiming that the court erred in not giving the plaintiff judgment against the defendant Stone, the surety on the bond.

The bond, omitting the caption and signatures, is as follows:

"We, Lucky Budge Mining Company, as principal, and John Durby and O. W. Stone, as securities, acknowledge ourselves indebted to Maryland Casualty Company in the sum of twelve hundred and no-100 dollars, to be void on this condition:

"Whereas, Lucky Budge Mining Company has appealed from the judgment of the circuit court of Jasper county, Missouri, rendered at the April term, 1911, of said court, in an action between Maryland Casualty Company, plaintiff, and Lucky Budge Mining Company, defendant.

"Now, if said appellant, Lucky Budge Mining Company *shall prosecute their appeal to the appellate court with due diligence to a decision,* and shall perform such judgment as shall be given by any appellate court, or such as any appellate court may direct the circuit court to give, and if the judgment of said circuit court,

or any part thereof, be affirmed, that it will comply with and perform the same as far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by any appellate court.

"Witness our hands and seals this 31st day of May, 1911."

We have italicized that part of the condition of the bond on which there is to be placed a construction.

It will be observed that the condition of the bond is drawn in conformity with and in the same language as that prescribed in section 2042, Revised Statutes 1909, providing for a stay of execution in certain cases when an appeal is taken. A construction therefore of the condition of the bond in this case is necessarily a construction of that part of the statute.

In the recognizance required under section 2068, Revised Statutes 1909, where an execution is stayed under a writ of error, the statute makes the condition as follows: "Conditioned that the plaintiff in error will prosecute such writ with effect, and pay the money that shall therein be adjudged against him by the Supreme Court or Courts of Appeals, or otherwise abide the judgment of such courts therein." The provision, "will prosecute such writ with effect" has been construed to mean "will prosecute with *success,*" and that the dismissal by the plaintiff in error of a cause pending on writ of error will forfeit the bond and render .the sureties on the bond liable. [Campbell v. Harrington, 93 Mo. App. 315.]

We have no hesitancy in holding that the condition of the appeal bond in the present case has been breached and that the surety on this bond was rendered liable by the principal allowing the appeal which he had contracted in the bond would be prosecuted "with due diligence to a decision" to be dismissed for failure to prosecute. It would be a novel proposition to hold that a failure to prosecute an appeal is complying with an agreement to prosecute an appeal with due diligence to

a decision. We, therefore, hold that to prosecute with due diligence to a decision means a successful decision, a decision that either affirms in whole or in part or modifies or reverses and remands or reverses outright the judgment appealed from which forms the basis of the appeal bond.

The conditions prescribed by the statute and in this bond following the one under consideration all clearly indicate that the decision to be had in the appellate court refers to one in which some relief is given the appellant from the judgment of the trial court.

In the case of Swofford Bros. Dry Goods Co. v. Livingston (Colo.), 65 Pac. l. c. 415, we find the following excerpt, pertinent here, that being a suit against a surety on an appeal bond after the appeal was dismissed: "But the complaint charges that the appeal was dismissed. The bond was conditioned for the due prosecution of the appeal. By the due prosecution of the appeal is meant its effectual prosecution, and the dismissal was the result of a want of such prosecution. Charging the dismissal of the appeal was, therefore, equivalent to charging the failure of the defendants to prosecute their appeal effectually, and such failure was a breach of the conditions of the bond. A right of action upon the bond therefore accrued to the plaintiffs." [See, also: Callbreath v. Coyne (Colo.), 109 Pac. 428.]

In the case of L. Kimball Printing Co. v. Southern Land Imp. Co. (Minn.), 58 N. W. 868, we find the following discussion (l. c. 869): "The question now presented is as to the liability of the sureties upon the bond for the full amount of the judgment in the municipal court. On the trial of the present action the court held that the liability of the sureties arising out of the extra-statutory condition above quoted was simply for the amount of the judgment entered in this court on the order of dismissal. The controlling words used and to be construed are, 'after decision of the supreme court,' and, of course, as against these sureties, they are to be

construed with reasonable strictness. It is contended by the appellant that a dismissal under the rules is a decision within their meaning, but we think not, as did the court below. Certainly there was no decision upon the merits.''

It has been held that where an appeal bond contains a provision conditioned to pay, etc., ''in case said judgment shall be affirmed in said Court of Appeals,'' a dismissal for failure to prosecute renders the sureties liable on the bond. [See: Harrison v. Bank of Kentucky, 26 Ky. 375; Duntermann v. Storey (Neb.), 58 N. W. 949; McClain v. Starr (Okla.), 150 Pac. 666.]

The whole purpose of an appeal bond is to stay the judgment creditor's execution until the cause can be passed upon and disposed of by the appellate court, and in consideration of such stay the bondsmen agree to pay the entire judgment and costs unless on appeal some relief or modification of the judgment appealed from is obtained. [See, Zellars v. Surety Co., 210 Mo. l. c. 104, 108 S. W. 548.] This is the general understanding of the bar as to the force and effect of an appeal bond.

The respondent relies upon the case of Hill v. Keller, 157 Mo. App. 710, 139 S. W. 523, for an affirmance of this judgment, and we have no doubt that the trial judge followed that decision in rendering his judgment in this case. As to that case, the result reached from the facts disclosed in the opinion was for the right party, but we cannot agree with some of the reasons given leading up to that result. In that case the plaintiff brought suit on an appeal bond after the appeal had been dismissed by the Kansas City Court of Appeals because of a failure to prosecute, and plaintiff should not have been allowed to recover on such appeal bond, not for the reason that such dismissal did not forfeit the bond, but because it is shown in the opinion that after the case in which the bond was given was dismissed by the Kansas City Court of Appeals, the appellants there within the time allowed in section

2068, Revised Statutes 1909, sued out a writ of error in this court and gave the bond required by that section to supersede the judgment. That done, the judgment, which was the real basis of the appeal bond, had been superseded by the bond on the writ of error, and therefore there should be allowed no recovery on the appeal bond, if at all, until the judgment forming the basis of the appeal bond was affirmed in whole or in part by the court passing thereon on the writ of error.

The case of Mattenlee v. Mattenlee, 74 S. W. 889, decided by the Kansas City Court of Appeals which we have not been able to find reported in the official reports, does not, in our judgment, make the distinction between the two kinds of bonds it is credited with making in the opinion in the case of Hill v. Keller, supra.

We, therefore, hold that all of that part of the opinion in Hill v. Keller, supra, which is in conflict with the views herein expressed is overruled.

We are not dealing with a case where the bond was given in a void appeal, or where the cause was appealed to a court not conditioned in the bond, or where by accident or design the liability of the sureties was limited, examples of which may be found cited in Zellars v. Surety Co., 210 Mo. 86, 108 S. W. 548; Moore v. Title Guaranty & Trust Co., 151 Mo. App. 256, 131 S. W. 477; and Keaton v. Boughton, 83 Mo. App. 158.

Since preparing this opinion we find that the Kansas City Court of Appeals in a case just published (Arkansas Valley Trust Co. v. Corbin, 179 S. W. 484) notices the opinion in Hill v. Keller and expresses its views concerning that case in accord with those herein expressed.

The judgment is reversed and the cause remanded with directions to the circuit court to enter a judgment against the defendant Stone for the penalty of the appeal bond, and to issue execution for the amount of the judgment in the case of Maryland Casualty Company v.

Lucky Budge Mining Company with interest, together with the costs of that case and the costs of the present litigation.

*Robertson, P. J.,* and *Sturgis, J.,* concur.